UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MAXWELL D. KINMAN,
    Plaintiff,

Case No. 1:16-cv-00329
Dlott, J.
Litkovitz, M.J.

vs.

UNITED STATES OF AMERICA, et al.,
    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff Maxwell Kinman brings this action against defendants United States of America, United States Department of Veteran Affairs, Secretary of the Department of Veterans Affairs Robert A. McDonald, and General Counsel of the Department of Veterans Affairs Leigh A. Bradley, Esq. This matter is before the Court on a motion to dismiss the complaint brought by defendants the United States and its agency the United States Department of Veterans Affairs (the "VA") (Doc. 14) and plaintiff's response to the motion to dismiss (Doc. 16).

**I. Introduction**

Plaintiff Kinman filed the complaint for declaratory and injunctive relief in this action on February 22, 2016. (Doc. 1). Plaintiff brings the action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and/or the Privacy Act, 5 U.S.C. § 552a, to compel defendants to produce agency records maintained by the VA. (*Id.*, § 1).

Plaintiff alleges he is a licensed attorney who represents veterans and their families in proceedings before the VA. (*Id.*, ¶¶ 5, 14). Plaintiff asserts that in September, October, November and December 2015, he served initial and follow-up requests on the VA to produce individual claim files known as "C-files" for veterans Raymond E. Strong, James R. Fox, Matthew D. Gossard, David Lee Hill, Carrie Mayer, Ryan W. Baumgartner, Joseph Parker, and

Walter Raymond Creech. (*Id.*, ¶¶ 3, 27, 30, 34, 35, 39, 42, 43, 46, 47, 50, 51, 54, 55; Exhs. 1, 2, 3, 4, 5, 6, 7, 8 13, 15, 22, 25, 28, 30).[1] Plaintiff expressly requested the files under both the "[FOIA], 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a." (*Id.*, Exhs. 1, 2, 3, 4, 5, 6, 7, 8). With each veteran's record request, plaintiff submitted a waiver of Privacy Act protections completed by the veteran or his surviving spouse so that plaintiff could receive records on the veteran or surviving spouse's behalf. (*Id.*, ¶ 4; Exhs. 1, 2, 3, 4, 5, 6, 7, 8). Plaintiff alleges that the VA acknowledged receipt of plaintiff's requests but did not provide the requested records within 20 business days of receipt of the requests as the FOIA requires. (*Id.*, ¶¶ 18, 28, 29, 32, 33, 36, 37, 38, 40, 41, 44, 45, 48, 52, 56, 57; Exhs. 10, 11, 12, 14, 16, 17, 18, 20, 23, 24, 26, 27, 29, 31). Plaintiff further alleges that as of the date he filed the complaint, the VA had not produced the C-files of the named veterans. (*Id.*, ¶¶ 60, 68, 76, 84, 92, 100, 108, 116).

Plaintiff seeks a declaratory judgment declaring that the VA's failure to produce the requested documents violates the FOIA and/or the Privacy Act and ordering the VA to produce the records on behalf of the named veterans and surviving spouse. (*Id.*, p. 19). Plaintiff also seeks an award of attorney fees and costs; a declaration that the VA has engaged in a "pattern and practice" of violating the FOIA's time limits; an injunction under 5 U.S.C. § 552(a)(6)(A), (B), (C), requiring defendants to timely provide copies of all properly requested and non-exempted documents within 20 days under the FOIA and/or the Privacy Act and to provide timely notice if an extension is necessary under 5 U.S.C. § 552(a)(6); and, if warranted, a written finding as to whether any VA personnel acted arbitrarily or capriciously in withholding the C-files and a directive ordering the Office of the Special Counsel to "promptly initiate a proceeding

---

[1] The complaint alleges that Exhibit 8 is a copy of the FOIA request for the C-file of Raymond Strong (Doc. 1, ¶ 55), but the request is actually for the C-file of Walter Creech. (*Id.*, Exh. 8).

2

to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding (pursuant to 5 U.S.C. § 1216(a))." (*Id.*, pp. 19-20).

**II. Motion to Dismiss**

Defendants the United States and the VA move to dismiss the complaint on two grounds: (1) lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); and (2) failure to state a claim to relief under Fed. R. Civ. P. 12(b)(6). (Doc. 14). Defendants concede that the veterans named in the complaint have a right to access their C-files, and they contend the right of access to those files is not at issue. (*Id.* at 2). Defendants allege that plaintiff's complaint instead raises issues concerning (1) the amount of time defendants have to produce the requested C-files, and (2) whether plaintiff has exhausted his administrative remedies under the governing statute. Defendants argue that in resolving these issues, the Court must look solely to the Privacy Act and its implementing regulations. Defendants contend that although plaintiff requested the C-files under both the FOIA and the Privacy Act and brings this action under both statutes, plaintiff does not have a right to access the veterans' records under the FOIA. (*Id.* at 2-8). Defendants argue that because plaintiff filed suit under the "false premise" that the C-file requests are governed by the FOIA, the Court should dismiss this case for lack of subject matter jurisdiction. (*Id.* at 9-10).

Defendants contend that the Privacy Act, which authorizes an individual to sue the VA for denying access to his records under 5 U.S.C. § 552a(d)(1)[2], governs plaintiff's claims for access to the veterans' C-files. *See* 5 U.S.C. § 552a(g)(1) (providing that an individual may

---

[2] Section 552a(d)(1) states: "Each agency that maintains a system of records shall . . . upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence." 5 U.S.C. § 552a(d)(1).

3

bring a civil action against an agency for violation of the Act). (Doc. 14 at 7). Defendants argue that plaintiff's C-file requests under the Privacy Act must be dismissed for lack of subject matter jurisdiction. (*Id*. at 9). Although defendants' argument is difficult to decipher, defendants appear to argue that the Court lacks subject matter jurisdiction for two reasons. First, defendants assert that the VA has not denied any of plaintiff's requests. (*Id*. at 9). Rather, defendants allege that all of the C-files at issue have been released to plaintiff. (*Id*. at 9, n.1, citing Exh. 1, Richard Ivy Aff., ¶ 12). To support their position, defendants rely on the affidavit of Richard Ivy, a Government Information Specialist employed by the VA Records Management Center in St. Louis, Missouri. (Doc. 14, Exh. 1, Ivy Affidavit). Mr. Ivy states in his affidavit that the VA processes requests for C-files under the Privacy Act, 5 U.S.C. § 552a(d), not under the FOIA. (*Id*., Exh. 1, ¶¶ 3,4, 6). Mr. Ivy also generally asserts that the requests on behalf of the veterans named in the complaint were processed under the Privacy Act. (*Id*., Exh. 1, ¶ 11). Mr. Ivy states that "there have been no denials issued by the VA as to any of the c-files at issue for the Veterans" identified in the complaint. (*Id*., Exh. 1 ¶ 12). Defendants allege that while plaintiff complains about the VA's delay in producing the records at issue, there is no time limit for the VA to provide records under the Privacy Act and its implementing regulations. (Doc. 14 at 8, 9). Defendants argue that because the VA has not denied plaintiff's requests for the C-files, this Court lacks subject matter jurisdiction over plaintiff's claim under the Privacy Act. (*Id*.).

Defendants also allege that the complaint must be dismissed because plaintiff has not exhausted his administrative remedies under the Privacy Act in compliance with the jurisprudential exhaustion doctrine. (*Id*. at 8, citing Exh. 1, Ivy Aff., ¶ 13; *Id*. at 9, citing *Taylor v. U.S. Treasury Dept*., 127 F.3d 470, 476-78 (5th Cir. 1997)). Defendants contend that plaintiff has not pursued the administrative remedies provided under the VA's implementing regulations,

4

which include: (1) directing a request for a C-file to the VA Regional Office that maintains the requested file, *see* 38 C.F.R. § 1.577[3]; and (2) if the request is denied, appealing the denial to the VA's General Counsel, whose office makes the final decision on the request, *see* 38 C.F.R. § 1.580.[4] (*Id.* at 8-9). Defendants allege that plaintiff has not filed an administrative appeal from the denial of any of his records requests, and he does not allege that the Office of General Counsel has taken final agency action as required under § 1.580. Defendants argue that plaintiff's complaint must therefore be dismissed for failure to exhaust administrative remedies.

In response, plaintiff argues that he properly requested the named veterans' C-files under the FOIA and he is entitled to obtain the records under the Act. (Doc. 16). Plaintiff argues that even if the FOIA did not apply, the Court has jurisdiction over his claims under the Privacy Act. Moreover, plaintiff denies that the VA has produced all of the requested C-files, and he indicates that he has exhausted his administrative remedies by "repeatedly" seeking the C-files at issue. (*Id.* at 4).

---

[3] 38 C.F.R. § 1.577 states:

> (a) Except as otherwise provided by law or regulation any individual upon request may gain access to his or her record or to any information pertaining to him or her which is contained in any system of records maintained by the Department of Veterans Affairs. The individual will be permitted, and upon his or her request, a person of his or her own choosing permitted to accompany him or her, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him or her. The Department of Veterans Affairs will require, however, a written statement from the individual authorizing discussion of that individual's record in the accompanying person's presence.

[4] 38 C.F.R. § 1.580 states:

> (a) Upon denial or a request under 38 CFR 1.577 or 1.579, the responsible Department of Veterans Affairs official or designated employee will inform the requester in writing of the denial, cite the reason or reasons and the Department of Veterans Affairs regulations upon which the denial is based, and advise that the denial may be appealed to the General Counsel.
>
> (b) The final agency decision in such appeals will be made by the General Counsel or the Deputy General Counsel.

5

### III. The FOIA and the Privacy Act

The FOIA obligates agencies of the United States government to make their records "promptly available to any person," except those records specifically exempt from disclosure. *See* 5 U.S.C. § 552(a)(3). The FOIA vests jurisdiction in the district court to enjoin an "agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). To establish jurisdiction under the FOIA, the plaintiff must show that the agency (1) "improperly" (2) "withheld" (3) "agency records." *Id.* at 150 (*quoting* 5 U.S.C. § 552(a)(4)(B)).

The FOIA requires an individual to exhaust all administrative remedies before filing a judicial action. *Auto All. Intern., Inc. v. U.S. Cust. Serv.*, 155 F. App'x 226, 228 (6th Cir. 2005); *Fields v. Internal Revenue Service,* No. 12-14753, 2013 WL 3353921, at *3 (E.D. Mich. July 3, 2013) (citations omitted). The exhaustion requirement is satisfied when either: (1) the individual submits a FOIA request and administratively appeals any adverse determinations, or (2) the agency fails to respond to a FOIA request within the time limits articulated in the Act. *Fields,* 2013 WL 3353921, at *4; *see* 5 U.S.C. § 552(a)(6)(C)(i). The FOIA imposes the following time limits: (1) the agency must "determine" within 20 working days after "receipt" of a FOIA request "whether to comply with such request and shall immediately notify the person making the request" of its determination, the reasons for the decision, and the right of appeal if the decision is adverse; and (2) the agency must make a decision on appeal within 20 working days after receiving the administrative appeal. 5 U.S.C. § 552(a)(6)(A)(i), (ii).

The Privacy Act "regulate[s] the collection, maintenance, use and dissemination of information by [federal] agencies" and provides a private cause of action against federal agencies

6

for violating the Act's provisions. *Doe v. Chao*, 540 U.S. 614, 618 (2004) (citation omitted); 5 U.S.C. § 552a(g)(1). The Act allows an individual or his authorized representative to access records pertaining to the individual. *See* 5 U.S.C. § 552a(d)(l). An individual can file a civil action to compel an agency to comply with § 552a(d)(1) if the agency refuses the individual access to his own records. *See Melvin v. Soc. Sec. Admin.*, 126 F. Supp.3d 584, 602 (E.D. N.C. 2015). The only relief the individual can obtain in an "access" claim is an order directing the agency to produce the records; the claimant cannot recover actual damages. *Id.* (citing *Thurston v. United States*, 810 F.2d 438, 447 (4th Cir. 1987); *Rouse v. United States Dep't of State*, 548 F.3d 871, 876 (9th Cir.), *as amended by* 567 F.3d 408, n.1 (9th Cir. 2009)).

The Privacy Act does not include a statutory exhaustion requirement for a records request. *Taylor*, 127 F.3d at 476. Courts have therefore required individuals who seek access to records under the Act to exhaust administrative remedies consistent with the "jurisprudential exhaustion" doctrine. *Id. See also Wadhwa v. VA*, 342 F. App'x 860, 862-63 (3d Cir. 2009); *Buckley v. Schaul*, 135 F. App'x 960, 960 (9th Cir. 2005). Under the doctrine, exhaustion is not a jurisdictional prerequisite; rather, an individual is barred from obtaining judicial relief until the prescribed administrative remedy has been exhausted, unless the court determines in its discretion that the claimant's failure to exhaust should be excused. *Taylor*, 127 F.3d at 476-77.

### IV. Standard of review

Defendants move to dismiss plaintiff's complaint under both Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim to relief. (Doc. 14). A motion can present a facial or factual challenge to the court's subject matter jurisdiction under Rule 12(b)(1). *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citations omitted). A facial attack on the Court's subject matter jurisdiction alleged in the complaint "merely questions

the sufficiency of the pleading." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). When resolving a facial challenge, the Court accepts the factual allegations of the complaint as true and construes the complaint in a light most favorable to the non-moving party. *United States v. A.D. Roe Co., Inc.*, 186 F.3d 717, 721-22 (6th Cir. 1999). If the motion presents a factual challenge, the Court may consider evidence outside the pleadings to determine if jurisdiction exists. *See Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003). Further, there is no presumption of truthfulness in favor of the non-moving party. *A.D. Roe Co., Inc.*, 186 F.3d at 722.

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and draw inferences in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court "consider[s] the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) ("when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment.").

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal for failure to state a claim to relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

If on a Rule 12(b)(6) motion "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). All parties must then receive "a reasonable opportunity to present all the material that is pertinent to the motion." *Id*. The district court may convert a Rule 12(b)(6) motion *sua sponte,* but the court must first afford the opposing party notice an adequate opportunity to respond. *Yashon v. Gregory,* 737 F.2d 547, 552 (6th Cir. 1984).

**V. The complaint should not be dismissed.**

Defendants argue in support of their motion to dismiss the complaint under Rule 12(b)(1) that (1) the Court lacks subject matter jurisdiction under the FOIA because the VA processes requests for C-files under the Privacy Act; and (2) the Court lacks subject matter jurisdiction under the Privacy Act because plaintiff has not exhausted his administrative remedies and the VA has not declined plaintiff's C-file requests. (Doc. 14).

Defendants' challenge to the Court's jurisdiction over plaintiff's FOIA claims is a facial attack on the Court's jurisdiction. Defendants allege that plaintiff's claims are not properly

9

brought under the FOIA, irrespective of the merits of the claims. Defendants allege that the claims must instead be brought under the Privacy Act. Defendants have not cited any authority which supports a finding that because the VA has purportedly made an administrative decision to process requests for C-files under the Privacy Act, an individual is barred from bringing a FOIA claim in federal court for the alleged withholding of those records. Nor is there any other basis for finding at the pleading stage that the Court lacks subject matter jurisdiction over plaintiff's FOIA claims. Plaintiff has alleged in the complaint that defendants (1) improperly (2) withheld (3) agency records he requested on behalf of the veterans named in the complaint. (*See* Doc. 1, ¶¶ 18, 28, 29, 32, 33, 36, 37, 38, 40, 41, 44, 45, 48, 52, 56, 57; Exhs. 10, 11, 12, 14, 16, 17, 18, 20, 23, 24, 26, 27, 29, 31). These allegations are sufficient to vest the Court with subject matter jurisdiction over plaintiff's FOIA claims. *See Kissinger*, 445 U.S. at 150. Defendants' motion to dismiss plaintiff's FOIA claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction should be denied.

Defendants allege that the Court lacks subject matter jurisdiction over plaintiff's claims under the Privacy Act because (1) plaintiff has not exhausted his administrative remedies, and (2) defendants have not denied any of plaintiff's record requests. (Doc. 14 at 8, 9). These matters do not bear on the issue of the Court's jurisdiction under the Privacy Act. Exhaustion of administrative remedies is not a jurisdictional requirement under the Act. *See Taylor*, 127 F.3d at 476. Thus, assuming plaintiff failed to exhaust his administrative remedies under the Act, the Court would not be deprived of subject matter jurisdiction as a result. Further, whether defendants denied plaintiff access to any of the veterans' records he requested goes to the merits of plaintiff's claims, not the Court's subject matter jurisdiction over those claims. Accordingly,

the Court should not dismiss plaintiff's Privacy Act claims under Rule 12(b)(1) for lack of subject matter jurisdiction.

The Court should likewise deny defendants' motion to dismiss the complaint under Rule 12(b)(6) for failure to state a claim to relief.[5] Construing the allegations of the complaint in plaintiff's favor, as the Court must on a Rule 12(b)(6) motion, plaintiff's allegations are sufficient to withstand defendants' motion to dismiss his FOIA and Privacy Act claims. (*See* Doc. 1). Plaintiff has presented a cause of action under both statutes by asserting that defendants withheld veterans' records that plaintiff requested under both statutes and which plaintiff had a right to obtain. Plaintiff has also alleged that he exhausted his administrative remedies. (Doc. 1, ¶ 8). Although defendants dispute plaintiff's allegations, all factual allegations of the complaint must be accepted as true and construed in plaintiff's favor for purposes of defendants' motion brought under Rule 12(b)(6). Because the allegations of the complaint sufficiently allege a cause of action under the FOIA and the Privacy Act, defendants' Rule 12(b)(6) motion to dismiss the complaint should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 14) be **DENIED**.

Date: 12/6/16

Karen L. Litkovitz
United States Magistrate Judge

---

[5] As the parties have not had a reasonable opportunity for discovery, the Court declines to consider any matters outside the pleadings at this early stage of the proceedings. *See Mincey v. Univ. of Cincinnati*, No. 1:11-cv-300, 2012 WL 1068167, at *2 (S.D. Ohio Mar. 29, 2012) (Weber, J.). Therefore, the Court finds it is appropriate to disregard the Ivy affidavit when resolving defendants' Rule 12(b)(6) motion. The Court will not convert the Rule 12(b)(6) motion to dismiss the complaint to a motion for summary judgment under Fed. R. Civ. P. 12(d). *See Jones v. City of Cincinnati*, 521 F.3d 555, 561-562 (6th Cir. 2008) (court has discretion regarding whether to convert a motion to dismiss to a motion for summary judgment under Rule 12(d)).

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MAXWELL D. KINMAN,
Plaintiff,

Case No. 1:16-cv-00329
Dlott, J.
Litkovitz, M.J.

vs.

UNITED STATES OF AMERICA, et al.,
Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).